UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLISON G.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C20-5839-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found asthma, mild lumbar degenerative disc disease (DDD), cervical DDD/osteoarthritis, marked acromioclavicular separation of the left shoulder, and anxiety/depression with some social phobia are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work subject to a series of further limitations; and Plaintiff is not disabled because she can perform jobs in the national economy. Tr. 17-28.

Plaintiff contends the ALJ misevaluated two medical opinions and made unsupported step five findings. Dkt. 14. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The Court may reverse the Commissioner's denial of Social Security benefits only if the ALJ's decision is legally erroneous or not supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

A.   **Medical Opinions**

Under 20 C.F.R. § 416.920c(b)(2), (c), the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. The decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 416.920c(b), and must be supported by substantial evidence.

   1.   ***Ema Ando, ARNP***

ARNP Ando conducted a physical function evaluation in July 2017 and opined Plaintiff's impairments markedly and moderately limit her ability to perform basic work activities, and Plaintiff is "[u]nable to meet the demands of sedentary work." Tr. 761-62. ARNP Ando opined the limitations would persist for "3-6" months. Tr. 762. The ALJ rejected the opinion finding it "seemed to be based only on subjective complaints[.]" Tr. 25. ARNP Ando interviewed Plaintiff, conducted a physical examination in support of her opinion, and did not find Plaintiff to be untruthful. The record accordingly does not support the ALJ's rationale. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

The ALJ also discounted the 2017 opinion finding ARNP Ando's "current limitations on work activities would last only 3-6 months, which does not meet the durational requirement for severe impairments[.]" Tr. 25. This would be a valid ground to discount the opinion if the 2017 opinion was the only opinion ARNP Ando provided regarding Plaintiff's limitations. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (affirming ALJ's finding physicians' short term excuse from work was not indicative of "claimant's long term functioning."). But the 2017 opinion isn't because a year later in July 2018, ARNP Ando rendered another opinion, which as Plaintiff argues the ALJ failed to evaluate. Dkt. 21 at 6; *see* Tr. 931-35.

On July 3, 2018, ARNP Ando opined Plaintiff has "level 4 work activity limitation d, e, f, g, h, i" due to "[s]eparation of left acromioclavicular joint," "level 3 work activity limitations b, c, d" due to "[c]hronic midline low back pain without sciatica," and assessed "[s]edentary work may be reasonable." Tr. 935. The ALJ failed to weigh ARNP Ando's July 2018 opinion.

The Commissioner contends ARNP Ando's July 2018 opinion amounts to "other evidence" and not a medical opinion. Dkt. 25 at 10. The Court disagrees. ARNP Ando's July 2018 assessment, while not as thorough as the July 2017 physical function evaluation, still includes work-related functional limitations (some of which reflect more severe limitations compared to the July 2017 physical function report) and a top-line conclusion that sedentary work "may be reasonable." The Commissioner further argues any error in failing to weigh the 2018 opinion is harmless. Dkt. 25 at 10-11. However, "where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency can decide whether re-consideration is necessary. By contrast, where harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate." *Marsh v. Colvin*, 792 F.3d 1170, 1173

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 3

(9th Cir. 2015). Here, the ALJ's failure to weigh ARNP Ando's July 2018 opinion raises a substantial likelihood of prejudice. If the ALJ had assessed ARNP Ando's July 2018 opinion regarding the severity of Plaintiff's limitations, and if the ALJ decided to adopt them, then the ALJ would have arrived at a different RFC and a different conclusion about the disability claim. Remand is thus necessary so that the ALJ can meaningfully consider ARNP Ando's July 2017 and 2018 opinions.

### 2.     *Gary Gaffield, D.O.*

The ALJ found Dr. Gaffield opined Plaintiff "could lift/carry no more than the medium level due to her shoulder condition; and recommended avoiding reaching and working overhead with the left shoulder extremity and avoiding exposure to animals, dogs, and scents that trigger her asthma." Tr. 25. The ALJ found this opinion "highly persuasive." *Id*.

At issue is the ALJ's interpretation of Dr. Gaffield's opinion about Plaintiff's reaching and working overhead limitations. In relevant part, Dr. Gaffield opined Plaintiff "would need to avoid reaching and working overhead with her left upper extremity[.]" Tr. 784. In contrast, the RFC limits Plaintiff to "no overhead reaching on the left and only occasional reaching in all other directions with her left upper extremity." Tr. 25. Plaintiff correctly argues the ALJ erroneously departed from Dr. Gaffield's opined limitation concerning reaching in "all other directions." Dr. Gaffield's opinion is unambiguous: the "and" separating "reaching" and "working overhead" is plainly conjunctive and not disjunctive. The ALJ accordingly erred by failing to explain the RFC's departure from Dr. Gaffield's "highly persuasive" opinion. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and the case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Because the ALJ misevaluated the medical evidence, the ALJ will necessarily need to determine whether the RFC needs to be adjusted and whether new step five findings must be made. On remand, the ALJ shall reevaluate ARNP Ando's July 2017 and 2018 opinions and Dr. Gaffield's opinion, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 18th day of August 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge